**02D09-2209-CT-000453**

USDC IN/ND case 1:22-cv-00331-HAB-SLC document 6 filed 09/09/22 page 1 of 6

Allen Superior Court 8

Filed: 9/9/2022 4:59 PM
Clerk
Allen County, Indiana
DW

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

DION M. BOYD,                                      )
                                                   )
            Plaintiff,                             )
                                                   )
    v.                                             )
                                                   )
IVY TECH COMMUNITY COLLEGE                         )
                                                   )
            Defendants.                            )

## <u>COMPLAINT</u>

Comes now Plaintiff, by counsel, and alleges against the Defendants as follow:

1. The Plaintiff is Dion M. Boyd, an African American/black resident of Allen County, state of Indiana.

2. The Defendant is Ivy Tech Community College, an institution of higher learning in the state of Indiana, which and has several locations throughout the state, including one at 3800 North Anthony Blvd, Fort Wayne, Indiana 46805.  At all material times to this Complaint, the Defendant was an "employer for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000 ( e) et seq. (Title VII), 42 U.S.C. § 1981, the Family Medical Leave Act of 1993, 29 U.S.C § 2601 *et seq* ("FMLA"), her age (born 10/09/1979 – 41 years old at the time of her constructive discharge) in violation of Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et seq* ("ADEA"), the Family Medical Leave Act of 1993, 29 U.S.C § 2601 *et seq* ("FMLA") and the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et seq* ("ADEA").

3. The Plaintiff filed a Charge of Discrimination, EEOC No. 470-2021-03646 on October

12, 2021, a copy of which is attached hereto, incorporated herein made a part hereof as Exhibit "A".   The EEOC issued a Determination and Notice of Rights/ Notice of Right to Sue on June 14, 2022, a copy of which is attached hereto and made a part hereof as Exhibit "B".   All required administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit. This Complaint has been filed within 90 days after receipt of the Determination and Notice of Rights/ Notice of Right to Sue.

4. Plaintiff alleges that she was discriminated against, retaliated against, and constructively discharged on account of her race and color (African American/Black), her disabilities (anxiety, depression, high blood pressure, along with and other serious health conditions), her age (58 years old), and her use of use of medical leave coverable by the FMLA, and for protesting discriminatory treatment she suffered due to her race/color, disability/perceived disability, age, and need for FMLA, as discussed in further detail in the attached Charge of Discrimination (Ex. A).

5. Plaintiff alleges that she was discriminated against on the basis of her age and that substantially younger individuals including those under age 40, had their medical leave/Covid leave more easily approved than the Plaintiff and other older employees did.

6. The Plaintiff alleges race and color discrimination based upon the facts set forth in her Charge of Discrimination (Ex. A).   As a black/African American individual, the Plaintiff faced more rigorous scrutiny than similarly situated Caucasian and non-black/non-African American workers, regarding receipt of ADA accommodations and

–2–

FMLA medical leave.   Plaintiff for example, was written up and punished for engaging in the interactive process under the ADA and for requesting FMLA medical leave, which violated the Plaintiff's rights guaranteed her under Title VII and 42 U.S.C. § 1981.

7.  The Defendant also denied Plaintiffs requests for reasonable accommodations for her disability/disabilities.   The Defendant forced to the Plaintiff work in close quarters with students and coworkers whom were diagnosed with Covid; this considerably heightened and exacerbated the Plaintiff's symptoms from her anxiety, depression, and blood pressure, and substantially impaired her abilities to socialize and work (which were also major life activities).   Defendant did not allow Plaintiff the reasonable accommodation of continued work from home, even though Plaintiff's Caucasian coworkers were permitted that accommodation.

8.  Plaintiff also contends that she was treated differently than similarly situated Caucasians and non-black/ non-African American employees and those without disabilities/perceived disabilities/ records of impairment, in that Plaintiff was denied the same terms, benefits, and conditions of employment as them.

9.  The Plaintiff was not provided any help or direction from the Defendant, as to her need for medical leave, for which Plaintiff entitled under the FMLA.   Nor was she provided any interactive process or accommodations which should have been made available to her under the ADA.   Similarly situated Caucasians that lacked a disability, and also employees that were substantially younger than the Plaintiff, were allowed accommodations and given directions for receiving accommodations and medical leave

–3–

under the ADA/FMLA.

10. The Plaintiff's efforts to obtain reasonable accommodations under the ADA and leave under the FMLA were so thwarted and mishandled by Defendant (and its employees and agents), that the conditions of Plaintiff's employment with Defendant became so hellish and impossible, that Plaintiff lost her position.  This further frustrated Plaintiff's attempts to obtain FMLA leave she was entitled to receive.  All of this exacerbated the Plaintiff's health conditions/disabilities and contributed to such pain, suffering, and anxiety, that eventually Plaintiff was ultimately forced to resign in order to maintain her health and sanity, on or about October 28, 2021, in spite of her 18 years of devotion to her career.

11. Instead of granting Plaintiff the accommodations she requested under the ADA and/or FMLA, the Defendant retaliated against the Plaintiff by assessing her for alleged unexcused absences and imposing against her write ups- which was unjustified poor treatment by the Defendant's HR Department, contributing to further needless anxiety, tension, and emotional distress for the Plaintiff.  When the Plaintiff continued to protest against the manner in which her requests for ADA accommodations and FMLA Medical Leave were being handled, her health deteriorated because of the Defendant's constant retaliation and discrimination.

12.  Defendant's complained of discriminatory and /or retaliatory conduct, and termination by constructive discharge, occurred on the basis of the Plaintiff's color/race (black/African American), disability/perceived disability/record of impairment, her age (over 40), her sex, and/or assertion of her rights under the FMLA, all in violation of

–4–

Title VII, § 1981, the ADA, the ADEA, and/or FMLA; the complained of conduct of the Defendant furthermore was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits including income, and additionally subjected the Plaintiff to inconvenience, as well as causing her to suffer needless and continued emotional distress, mental anguish, humiliation, embarrassment, financial distress, and other damages and injuries for which she seeks compensatory damages.

13. Furthermore, Plaintiff was falsely accused of wrongdoing that she had not engaged in, even though Defendant's allegations were unsubstantiated and unproven.

14. The complained of discriminatory and/or retaliatory actions of the Defendant were intentional, knowing, willful, wanton, deliberately indifferent to, and in reckless disregard of the Plaintiff's federally protected rights under Title VII, § 1981, the ADA, the ADEA, and/or FMLA. Imposition of punitive damages (available under Title VII, § 1981, the ADA) as well as liquidated damages (available under the FMLA and ADEA) is appropriate.

WHEREFORE, Plaintiff by counsel, prays for judgment against the Defendant, for pecuniary damages, compensatory damages, punitive damages (where available), liquidated damages(where available), reasonable attorney's fees and cost, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**


*/s/ Christopher C Myers*

Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:          cmyers@myers-law.com
*Counsel for Plaintiff*